UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-500-F

| | |
|---|---|
| DELMONT PROMOTIONS, LLC,<br>SEEKIN ENTERTAINMENT, LLC,<br>d/b/a B-ROSE PRODUCTIONS<br>        Plaintiffs,<br><br>v.<br><br>ALGERNOD LANIER WASHINGTON,<br>aka PLIES,<br>        Defendant. | ORDER |

This matter is before the court on the Plaintiffs' (collectively "Delmont") motion for default judgment [DE-17]. For the reasons stated below, the motion is DENIED without prejudice.

**PROCEDURAL AND FACTUAL BACKGROUND**

For purposes of ruling on Delmont's motion, the court assumes that the factual allegations in the complaint are true. Algernod Washington is a popular musician who has released at least three albums and has been "filling venues" with his performances. Washington performs under the alias "Plies." Delmont Promotions is an event organizer and promoter.

On August 6, 2008, the parties executed an "Artist Engagement Agreement," in which Washington agreed to perform at the RBC Center in Raleigh, North Carolina on September 14, 2008. However this show was cancelled due to inclement weather. Subsequently, the parties entered into a "Revised Artist Engagement Agreement," and the show was rescheduled for

November 8, 2008. Washington cancelled this show, citing a scheduling conflict. At the time Washington informed Delmont he would not perform, Delmont had expended approximately $256,867.75 promoting the show. On November 8, 2008, Washington performed in Tampa, Florida instead, to a sold out show at a venue holding approximately 25,000 people. The RBC Center in Raleigh has a 20,000 seat capacity and tickets were priced at $50. Delmont therefore anticipated gross ticket sales of $1,000,000. Prior to Washington's cancellation, TicketMaster had amassed approximately $30,000 in ticket sales. Delmont originally filed this breach of contract action on July 13, 2010, but the court dismissed the case without prejudice under Federal Rule of Civil Procedure 41(b). Delmont filed this action on July 9, 2013 and Washington has failed to file a responsive pleading or otherwise defend.

## DISCUSSION

To enter a default judgment, the court must have subject matter jurisdiction over the claims, personal jurisdiction over the defendant and the complaint must state a claim upon which relief can be granted. *See Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 662, 665 (E.D. Va. 2013). Personal jurisdiction requires a showing that the defendant is subject to general jurisdiction in the forum state under the state's long arm statute, that the defendant has sufficient minimum contacts with the forum state to satisfy due process, and effective services of process. Fed. R. Civ. P. 4(k)(1)(A); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945).

The court must also determine whether the factual allegations in the complaint entitle the plaintiff to relief. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). This requires a showing that the complaint would survive a Rule 12(b)(6) motion to dismiss. *Joe*

*Hand*, 920 F. Supp. 2d at 665. While the court accepts the well-pleaded factual allegations as true, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, the court may consider affirmative defenses in the limited circumstance "where the facts sufficient to rule on an affirmative defense . . . clearly appear on the face of the complaint." *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007) (internal citation omitted).

In this case, Delmont fails to explain how the court has personal jurisdiction over Washington. Although Delmont indicates that Washington was served by certified mail, the motion needs to explain how service was proper under the Federal Rules of Civil Procedure. Furthermore, Delmont does not address whether personal jurisdiction over Washington is proper in this court under either *International Shoe* or North Carolina's long-arm statute.

In addition, it appears that this breach of contract action is barred by the applicable statute of limitations. The statute of limitations for breach of contract in North Carolina is three years and the limitations period begins to run in most circumstances when the breach occurs. N.C. Gen. Stat. § 1-52; *Birtha v. Stonemore, North Carolina, LLC*, __ N.C. App. __, 727 S.E.2d 1, 8-9 (2012). Here, Delmont alleges Washington breached the contract in November, 2008. This suit was filed on July 9, 2013, well outside the three-year limitations period. Thus, if Delmont

3

decides to renew the motion for default judgment, counsel must explain why this action is not barred by the applicable statute of limitations.

The court notes that Delmont originally filed a separate lawsuit against Washington alleging breach of the same contract in 2010. *Delmont Promotions v. Maury & NI, Inc. et al.*, No. 5:10-CV-279-F, 2012 WL 699531 (E.D.N.C. March 1, 2012). That lawsuit was dismissed without prejudice under Federal Rule of Civil Procedure 41(b). If counsel believes the statute of limitations was tolled during the pendency of that litigation, counsel is free to make that argument in a renewed motion for default judgment. But the court is not going to undertake this research project for Delmont.

## CONCLUSION

For the foregoing reasons, the motion for default judgment [DE-17] is DENIED without prejudice to file a renewed motion within sixty days of the date this order is filed. If no motion (or request for extension of time) is filed by this deadline, this case may be dismissed for failure to prosecute.

SO ORDERED.

This the _16_ day of July, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4