IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00500-F

| | | |
|---|---|---|
| DELMONT PROMOTIONS, LLC, a North Carolina limited liability company, and SEEKIN' ENTERTAINMENT LLC d/b/a B-ROSE PRODUCTIONS, a North Carolina limited liability company, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| ALGERNOD LANIER WASHINGTON, a/k/a PLIES, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant Algernod Lanier Washington's Motion to Set Aside Default Judgment and to Strike Service of Process or in the Alternative to Stay Pending Arbitration [DE-45] ("Motion to Set Aside Judgment"). The plaintiffs have not opposed nor responded to the motion. For the reasons stated herein, the motion is ALLOWED.

**I. DISCUSSION**

**A. Service was never properly effectuated.**

In its Order of August 3, 2015 [DE-41], the court allowed the plaintiffs' motion for default judgment. The court based that order on service of process via certified mail, which had been addressed to Defendant Algernod Washington, but had been signed for by Kim Nickols. *See id.* at 2. Under Rule 4(j2)(2) of the North Carolina Rules of Civil Procedure, service of process via registered or certified mail, and signed for by a person of reasonable age and

discretion, even if that person is not the addressee, creates a rebuttable presumption of proper service. *See, e.g., Adams v. Haynes*, No. 5:10-CT-3052, 2012 WL 2367436, at *4 (E.D.N.C. June 21, 2012) (finding a rebuttable presumption of valid service even where the addressee himself had not signed); *Osman v. Reese*, 203 N.C. App. 373, 692 S.E.2d 488, at *3 (2010) (finding the same). Under North Carolina law, to rebut the presumption of proper service, a defendant "must provide 'affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" *See Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) (quoting *Grimsley v. Nelson*, 467 S.E.2d 92, 94 (N.C. 1996)).

The defendant has now come forward to show that proper service was never effectuated, rebutting the presumption of proper service. While the defendant was associated with the address to which the plaintiffs issued service, he was only so associated because an LLC, of which he had no knowledge, was established using his name as the managing member. *See* Aff. Washington [DE-54-1] ¶ 4(a). The defendant does not otherwise know, nor has he authorized Kim Nickols to receive mail on his behalf. *See* Aff. Washington [DE-46-1] ¶¶ 2-5. The defendant had otherwise been completely unaware of this lawsuit until his lawyer discovered a record of the lawsuit after judgment had already been entered. *See id.* ¶¶ 7-9. The defendant has filed several other affidavits affirming these facts, including two from his brother and business manager, Ronell Lavette. *See* Aff. Lavette [DE-46-2]; Aff. Jimenez [DE-46-3]; Aff. Lavette [DE-54-2]. Service was never properly effectuated, and the defendant has rebutted the presumption of proper service.

### B. The default judgment must be set aside.

Under Rule 60(b) of the Federal Rules of Civil Procedure, courts may set aside a final judgment for "mistake, inadvertence, surprise, or excusable neglect," as well as for "any other

reason that justifies relief." *See id.* In addition to showing one of the reasons listed under Rule 60(b), "a moving party must also demonstrate 'that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" *Jimmerson v. United States*, Civ. No. 1:12-CV-00183-MR, 2015 WL 4647819, at *2 (W.D.N.C. Aug. 5, 2015) (quoting *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)).

The defendant has met all the requirements to set aside default judgment. First, the motion is timely. The motion to set aside was made only two weeks after judgment was entered. *Compare* Judgment [DE-42] (entered August 3, 2015) *with* Mot. Set Aside Default J. [DE-45] (filed August 14, 2015).[1]

Second, the defendant has set forth several meritorious defenses. The defendant vigorously disputes that he executed a contract with the plaintiffs. Indeed, the contracts attached by the plaintiffs do not show a signature by the defendant. *See, e.g.*, PLIES Contract [DE-17-6]. Additionally, the defendant argues that the plaintiffs have not shown or alleged that they ever paid consideration for the revised contract, nor that he signed the revised contract. Finally, the defendant also argues that, even if the contract is binding upon him, it contains an arbitration clause and that this matter should be arbitrated. Each of these arguments are meritorious.

Third, the plaintiffs would not be prejudiced by the motion. Indeed, given the timeliness of the motion, the nature of default judgment proceedings, and the potential consequences of leaving the default judgment in place, it is the defendant who would be heavily prejudiced if the court were to not set aside the default judgment.

---

[1] While the motion was timely made, the court also notes that the motion was made well within the one year maximum imposed by Rule 60(c)(1) of the Federal Rules of Civil Procedure.

3

Fourth, the defendant has also shown excusable neglect in that, given the fact that he was never served with process, much less properly served, he never had any knowledge whatsoever of the proceedings before this court. For these reasons, Motion to Set Aside Judgment [DE-45] is ALLOWED.

## II. CONCLUSION

For the reasons stated herein, Motion to Set Aside Judgment [DE-45] is ALLOWED. The Amended Judgment [DE-43] entered on August 4, 2015, is set aside. The plaintiffs must properly serve the defendant before this case may continue forward. They are allowed forty-five (45) days from entry of this order to do so. Additionally, because the court's concerns regarding service of process have been resolved, the hearing scheduled for October 27, 2015 at 10:00 AM before this court is hereby CANCELLED. The Clerk of Court is DIRECTED to send notice of this cancellation to the parties and to the plaintiffs' former counsel, Freddie Lane.

SO ORDERED.

This, the 13' day of October, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge