IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00500-F

| | |
|---|---|
| DELMONT PROMOTIONS, LLC, a North Carolina limited liability company, and SEEKIN' ENTERTAINMENT LLC d/b/a B-ROSE PRODUCTIONS, a North Carolina limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ALGERNOD LANIER WASHINGTON, a/k/a PLIES, <br><br> Defendant. | ) ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) ) |

This matter is before the court on Defendant Algernod Lanier Washington's Motion to Dismiss or in the Alternative to Compel Arbitration [DE-61]. For the reasons stated herein, the motion is ALLOWED IN PART and DENIED IN PART.

## I. PROCEDURAL AND FACTUAL HISTORY

The plaintiffs originally filed this breach of contract action on July 13, 2010. *See* Complaint, *Delmont Promotions, LLC, v. Maury & NI, Inc.*, No. 5:10-CV-279-F (E.D.N.C. July 13, 2010) [DE-1]. However, after a notice of voluntary dismissal as to one of the defendants, the court dismissed the case without prejudice under Federal Rule of Civil Procedure 41(b). *See* Order of August 10, 2012, *Delmont Promotions*, No. 5:10-CV-279-F, [DE-40]. The plaintiffs

filed this action for a second time on July 9, 2013. *See* Complaint, *Delmont Promotions, LLC v. Washington*, 5:13-CV-500-F (E.D.N.C. July 9, 2013) [DE-1].[1]

On August 9, 2013, the plaintiffs filed an Affidavit of Service [DE-10] attesting service of the defendant via certified mail. According to the affidavit, the certified mail—addressed to Defendant Algernod Washington—was signed for by Kim Nickols on August 3, 2013. *Id.* at 1. The plaintiffs subsequently moved for entry of default, which was entered June 11, 2013. *See* Order of November 6, 2013 [DE-16]. After the plaintiffs' failed first attempt at default judgment, the plaintiffs had a change in attorney and again filed for default judgment. The court allowed the second attempt and entered default judgment. *See* Order of August 3, 2015 [DE-41].

Two weeks after the entry of judgment, the defendant appeared and moved to set aside judgment and to strike service of process. *See* Mot. Set Aside Default J. [DE-45]. For good cause shown, the court allowed the motion. *See* Order of October 13, 2015 [DE-56].

On October 14, 2015, the plaintiffs filed an Amended Complaint [DE-57]. The present motion to dismiss [DE-61] followed on November 3, 2015. The facts of the Amended Complaint, which the court must accept as true for purposes of this motion, show the following:

Defendant Washington is a musician who performs under the moniker "Plies." *See* Complaint [DE-1] at 1-2. Washington has released at least three albums and has been "filling venues" with his performances. *See id.* The plaintiffs are event organizers and promoters. *See id.* at 2.

On or about August 6, 2008, the parties executed a Contract in which Washington agreed to perform at the RBC Center in Raleigh, North Carolina, on September 14, 2008. *See id.* ¶ 7. However the parties later agreed to change the date of the show to November 8, 2008. *See id.*

---

[1] All other filings in this order going forward are part of the present action.

2

¶¶ 8-10. As a result, the parties entered into a "Revised Artist Engagement Agreement," in which Washington agreed to perform on the new date and the Plaintiffs agreed to pay Washington an additional $5,000.00. *See id.* ¶ 11.

Washington ultimately cancelled the concert, citing a scheduling conflict. *Id.* ¶ 12. The Complaint alleges that, at the time Washington informed the plaintiffs that he would not perform, the plaintiffs had already expended approximately $256,867.75 promoting and preparing for the show. *Id.* ¶ 14. According to testimony at the July 27, 2015 hearing, the plaintiffs also spent an additional $50,841.00 in cash that was wired directly to performers for the concert. The plaintiffs' out-of-pocket expenses totaled $315,365.75.

On November 8, 2008, the date on which he was supposed to perform at the RBC Center, Washington performed in Tampa, Florida, to a sold out show at a venue holding approximately 25,000 people. *Id.* ¶ 18. One month prior to cancelling the RBC Center concert, Washington performed an unrelated show at Greensboro Coliseum, in Greensboro, North Carolina. *See id.* ¶ 16.

The RBC Center in Raleigh has a 20,000 seat capacity and tickets had an average price of fifty dollars. *Id.* ¶ 19. The plaintiffs therefore anticipated gross ticket sales of $1,000,000.00. *See id.* Prior to Washington's cancellation, TicketMaster had amassed approximately $30,000 in ticket sales. *Id.* ¶ 20. The defendant now moves to dismiss or, in the alternative, to compel arbitration.

## II. LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the

3

court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (second alteration in original) (citations omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180. The court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when deciding a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

The defendant raises two arguments for dismissing the Amended Complaint: (1) North Carolina's three-year statute of limitations bars this action; and (2) the Amended Complaint and incorporated documents do not show that Washington signed a contract with the plaintiffs. The defendant also argues that the contracts referenced in the complaint contain binding arbitration clauses. Therefore, should the court not dismiss the action, the court should stay this action pending arbitration. The court will consider each argument in turn.

4

## A. Statute of Limitations

The defendant argues that, because the plaintiff's complaint was previously dismissed under Rule 41(b) of the Federal Rules of Civil Procedure and not under Rule 41(a), the one year tolling provision of Rule 41(a) of the North Carolina Rules of Civil Procedure does not apply. Therefore, the defendant argues, the plaintiffs' action is barred by North Carolina's three year statute of limitations for contract actions. *See* N.C. Gen. Stat § 1-52(1).

Other courts, in considering Rule 41(b), have still found that a one year window applies, regardless of whether the court originally included language to that effect. *See Southstar Funding, LLC v. Warren, Perry & Anthony, PLLC*, 445 F. Supp. 2d 583, 586 (E.D.N.C. 2006). Furthermore, the rule does not state that failure to include a specified time destroys the refiling window. *See* N.C. R. Civ. P. 41(b). The court agrees with and adopts the reasoning of *Southstar*. The statute of limitations was tolled for one year following dismissal of the plaintiffs' original complaint. As to this basis, the motion to dismiss [DE-61] is DENIED.

## B. Washington's Signature

The defendant argues that the contracts submitted by the plaintiffs do not contain the defendant's signature. The plaintiffs counter that the contracts were signed by the defendant's representatives. The defendant does not dispute this assertion in his reply.

Courts may consider documents in determining a motion to dismiss where (1) the document is "integral to and explicitly relied on in the complaint," and (2) "the plaintiffs do not challenge its authenticity." *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Here, both conditions are met. However, the Amended Complaint clearly alleges that the parties executed two contracts, contracts to which the defendant agreed "by and through his agent." *See* Amended Complaint [DE-57] ¶¶ 7-11. The defendant does not dispute that his agent or agents

5

entered into contracts with the plaintiffs on his behalf. On this basis, the motion to dismiss [DE-61] is DENIED.

### C. Arbitration

The defendant argues that, if the court does not dismiss this action, the court should stay this action pending arbitration. The plaintiffs agree.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, reflects a liberal policy in favor of arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Act requires a court to stay an action and compel arbitration "upon being satisfied that the issue involved . . . is referable to arbitration under [an agreement in writing]." *Id.* § 3. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

Here, the contracts allegedly entered into by the parties contain an arbitration clause. Furthermore, the parties agree that, if the court does not dismiss this action, the action should be stayed pending arbitration. The court finds that this action should be stayed pending arbitration.

## IV. CONCLUSION

For the reasons stated herein, Defendant Algernod Lanier Washington's Motion to Dismiss or in the Alternative to Compel Arbitration [DE-61] is ALLOWED IN PART and DENIED IN PART. To the extent the Motion seeks to compel arbitration, the Motion is ALLOWED and this proceeding will be STAYED pending arbitration. The parties are DIRECTED to submit a status report of the arbitration proceedings no later than 90 days from the filing date of this order, and every 90 days thereafter, until such proceedings are concluded.

6

SO ORDERED.

This, the 5 day of December, 2015.

_____<br>
JAMES C. FOX<br>
Senior United States District Judge

7