UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-500-BO

| | |
|---|---|
| DELMONT PROMOTIONS, LLC and SEEKIN' ENTERTAINMENT, LLC d/b/a B-ROSE PRODUCTIONS,<br><br>      Plaintiffs,<br><br>v.<br><br>ALGERNOD LANIER WASHINGTON a/k/a PLIES,<br><br>      Defendant. | ORDER |

This matter is before the Court on plaintiffs' motion to vacate an arbitration decision. [DE 87]. Defendant has responded in opposition and the matter is ripe for disposition. For the reasons that follow, plaintiffs' motion to vacate [DE 87] is DENIED.

## BACKGROUND

This case involves an alleged 2008 contract between plaintiffs and defendant, the terms of which required defendant to perform a concert at the RBC Center in Raleigh, North Carolina. The case was initially filed in 2010, voluntarily dismissed, and then re-filed in 2013.

In 2015, the case was stayed pending arbitration based on an exclusive-jurisdiction clause contained in the contract. In October 2017, the arbitration was dismissed upon defendant's successful motion, with the arbitrator finding "no credible evidence of any nature" that "establishes by any legal standard that Washington signed the contract at issue and therefore submitted to the jurisdiction of the American Arbitration Association." [DE 88-1, p. 2].

In November 2018, plaintiffs moved to vacate the arbitration decision, arguing that the arbitrator committed misconduct in failing to consider plaintiffs' evidence in opposition to the motion to dismiss. [DE 86]. Defendant has responded in opposition. [DE 88].

## DISCUSSION

The Federal Arbitration Act (FAA) permits a court to vacate an arbitration award upon finding that the arbitrator was "guilty of misconduct in refusing to postpone the hearing . . . or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Under the limited abuse of discretion standard applicable to arbitration awards, courts should resist vacating awards absent clear evidence of gross error or improper motive. *See Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 148 (4th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995).

Plaintiffs' motion to vacate must be denied as untimely. The FAA required plaintiffs to provide notice of their motion to vacate the arbitration award "within three months" of the award being "filed or delivered." 9 U.S.C. § 12. Plaintiffs did not file their motion to vacate until more than one year after the arbitration decision was made. Because the motion was so egregiously untimely, there is no need for the Court to consider whether plaintiffs' grounds for challenging the arbitrator's decision are actionable under the FAA. Plaintiffs' motion must be denied.

## CONCLUSION

For the above reasons, plaintiffs' motion to vacate [DE 87] is DENIED.

SO ORDERED, this __6__ day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE